**UNITED STATES DISTRICT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LYANA INSIXIENGMAY,                          )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )      Case No.
                                             )
ABSOLUTE RESOLUTIONS INVESTMENTS,            )
LLC., TRANSUNION, LLC., and EQUIFAX, INC.,   )
                                             )
            Defendants.                      )

**COMPLAINT**

NOW COMES Plaintiff, LYANA INSIXIENGMAY ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants ABSOLUTE RESOLUTIONS INVESTMENTS, LLC. ("ABSOLUTE RESOLUTIONS"), TRANSUNION, LLC., ("TRANSUNION"), and EQUIFAX, INC., ("EQUIFAX") (collectively referred to as "Defendants"):

**Nature of the Action**

1.      This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. Ann. §§ 559.55 – 559.785.

- 1 -

**Parties**

2.     Plaintiff is a natural person at all times relevant residing, in Hillsborough County, in the City of Tampa, in the State of Florida.

3.     At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.     Further, Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

5.     Further, because Plaintiff is a "debtor" or "consumer" as the term is defined by Fla. Stat. Ann. §§ 559.55(8).

6.     Defendant, ABSOLUTE RESOLUTIONS, is a collection agency doing business in the State of Florida, with its principal place of business located in San Diego, California.

7.     Defendant, ABSOLUTE RESOLUTIONS, is a "person" as defined by 47 U.S.C. §153 (39).

8.     Defendant ABSOLUTE RESOLUTIONS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

9.     Further, Defendant ABSOLUTE RESOLUTIONS is a "debt collector" as defined by Fla. Stat. Ann. §§ 559.55(7).

10.    Defendant TRANSUNION is a corporation conducting business in the

State of Florida and is headquartered in Chicago, Illinois.

11. Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

12. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13. Defendant TRANSUNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a corporation conducting business in the State of Florida and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

17. Defendant EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

18. At all times relevant to this Complaint, Defendants acted through its

agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

19.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

20.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

21.     This Court has supplemental jurisdiction over the state claims as all claims arise from the same nucleus of facts.

## Factual Allegations

22.     Plaintiff is a consumer who is the victim of inaccurate reporting by ABSOLUTE RESOLUTIONS, TRANSUNION, and EQUIFAX regarding a credit account that she had with ABSOLUTE RESOLUTIONS, settled with ABSOLUTE RESOLUTIONS, and paid to ABSOLUTE RESOLUTIONS.

23.     CRAs, including TRANSUNION and EQUIFAX have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

24.    Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

25.    Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with ABSOLUTE RESOLUTIONS along with inaccuracies found in credit reports published by the three CRA Defendants.

26.    Further, Plaintiff is a victim of unlawful debt collection practices by ABSOLUTE RESOLUTIONS. The following is a description of the events leading to the filing of this complaint:

27.    ABSOLUTE RESOLUTIONS purchased and collected on an account from Citibank, N.A., with an ABSOLUTE RESOLUTIONS account number ending in 6515 the ("Account").

28.    This debt was incurred through purchases for personal, household expenses.

29.    Through an intermediary, Plaintiff settled the Account with ABSOLUTE RESOLUTIONS on April 7, 2022.

30.    Per the terms of the agreement, Plaintiff made consecutive payments from April 25, 2022 through March 21, 2023 and paid a total of seven thousand eight hundred dollars ($7,800.00), satisfying Plaintiff's obligations to ABSOLUTE RESOLUTIONS and completing the terms of the settlement.

31.    Despite her performance under the agreement, ABSOLUTE RESOLUTIONS continued to report the Account to the CRAs as a collection account with a balance owed.

32.    Plaintiff ran her credit reports with the CRAs on August 7, 2023 and found the Account reported with a status of "Collection/Charge-off" and a current balance owed of $4,433.00, which was inaccurate.

33.    Plaintiff disputed the inaccuracy with each of the CRAs on August 7, 2023.

34.    In her dispute, Plaintiff included proof of the settlement and proof of the payments.

35.    Each dispute package was delivered to the CRAs on or about August 14, 2023.

36.    Upon information and belief, each of the CRAs would have notified ABSOLUTE RESOLUTIONS of Plaintiff's dispute within five days of receiving Plaintiff's dispute package.

37.    Under its duties codified in the FCRA, ABSOLUTE RESOLUTIONS had twenty-five (25) days to investigate Plaintiff's dispute and correct the inaccurate information it was furnishing to the CRAs.

38. However, through the filing of this complaint, ABSOLUTE RESOLUTIONS continues to furnish information on the Account to the three CRAs that a balance is owed, and the Account is in a "Collection/Charge-off" status.

39. Upon information and belief, TRANSUNION and EQUIFAX failed to reasonably investigate Plaintiff's disputes by either notifying ABSOLUTE RESOLUTIONS of Plaintiff's dispute or by failing to review and consider the documentation provided by Plaintiff in her dispute letter and because the three CRAs failed to correct the inaccurate information in their reporting.

40. If TRANSUNION and EQUIFAX would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

41. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANSUNION and EQUIFAX are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

42. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

43.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

44.     Because of his concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain credit because of her concern of humiliating debts shown on her credit reports.

<u>**COUNT I**</u>
<u>**ABSOLUTE RESOLUTIONS INVESTMENTS, LLC.**</u>
<u>**Violation of the Fair Credit Reporting Act**</u>
<u>**15 U.S.C. § 1681s-2(b)**</u>

45.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

46.     After receiving Plaintiff's dispute regarding the Account, ABSOLUTE RESOLUTIONS failed to reasonably reinvestigate its reporting of the information on Plaintiff's consumer report.

47.     ABSOLUTE RESOLUTIONS violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of inaccurate information to the CRAs.

48.     As a result of this conduct, action, and inaction of ABSOLUTE RESOLUTIONS, Plaintiff suffered damages, and continues to suffer, actual

damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49.    ABSOLUTE RESOLUTIONS's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50.    In the alternative, ABSOLUTE RESOLUTIONS was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51.    Plaintiff is entitled to recover costs and attorneys' fees from ABSOLUTE RESOLUTIONS, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant ABSOLUTE RESOLUTIONS for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further violations of 15 U.S.C. § 1681 *et seq.*;

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**COUNT II**
**ABSOLUTE RESOLUTIONS INVESTMENTS, LLC.**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq.***

52. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

53. Defendant ABSOLUTE RESOLUTIONS's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692(d))* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

c. Defendant violated *§1692(e)8* of the FDCPA by communicating to the three CRAs credit information which is knew or should have known to be false.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant ABSOLUTE RESOLUTIONS for negligent or willful noncompliance with the Fair Debt Collection Practices Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1692k, of not more than $1,000 per violation of the FDCPA;

b) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. 1692k; and

c) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### COUNT III
### ABSOLUTE RESOLUTIONS INVESTMENTS, LLC.
### Violation of the Florida Consumer Collection Practices Act
### Fla. Stat. Ann. § 559.72 *et seq.*

54.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

55.    Defendant ABSOLUTE RESOLUTIONS's violations of the FCCPA include, but are not limited to:

a. Defendant violated § 559.72(5) for disclosing to a person other than Plaintiff information affecting Plaintiff's reputation,

whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

b. Defendant violated § 559.72(6) for disclosing information concerning the existence of debts known to be reasonably disputed by the debtor without disclosing that fact.

c. Defendant violated § 559.72(9) for attempting to enforce a debt when Defendant ABSOLUTE RESOLUTIONS knew that the debt was not legitimate, or, at the least, with knowledge that no such debt existed.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant ABSOLUTE RESOLUTIONS for negligent or willful noncompliance with the Florida Consumer Collection Protections Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to Fla. Stat. Ann. § 559.77(2), of not more than $1,000 per violation of the FCCPA;

b) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to Fla. Stat. Ann. § 559.77; and

c) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**COUNT IV TRANSUNION,**
**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681e(b)**

56. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

57. After receiving Plaintiff's dispute regarding the Account, TRANSUNION failed to correct the false information it reported on Plaintiff's consumer report.

58. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANSUNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT V TRANSUNION
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i

63. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

64. After receiving Plaintiff's dispute for the Account, TRANSUNION failed to correct the false information it reported on Plaintiff's consumer report.

65.    Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

66.    As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67.    TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68.    In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANSUNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**COUNT VI EQUIFAX**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

70. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-44.

71. After receiving Plaintiff's dispute regarding the Account, EQUIFAX failed to correct the false information it reported on Plaintiff's consumer report.

72. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

73.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76.    Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff respectfully requests judgment be entered against EQUIFAX for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT VII EQUIFAX
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i

77. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

78. After receiving Plaintiff's dispute for the Account, EQUIFAX failed to correct the false information it reported on Plaintiff's consumer report.

79. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

80. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

83.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff respectfully requests judgment be entered against EQUIFAX for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

d) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

e) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

f) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

g) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:      5/30/2024

BY:  */s/ Jason S. Weiss*
Jason S. Weiss
Jason@jswlawyer.com
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
*Attorneys for Plaintiff, Lyana Insixiengmay*